This is a motion to compel the Fidelity Union Trust Company to answer certain interrogations.
The facts, as set forth in the brief for defendant and admitted by complainant, are as follows:
The bill of complaint alleges that a check for $34,050.45 was made payable to the complainant, John Seery, and to his wife, the defendant Annie Seery, which represented the proceeds from the sale of real estate of which he was the owner. The bill alleges that his wife had no interest in the real estate other than a dower right, and it further states that the check was endorsed by him and thereafter he authorized his wife to procure the same and bring it to him. Instead of doing so, she violated the trust reposed in her and deposited the same to her own credit with the Fidelity Union Trust Company, one of the defendants herein, without his consent, and she fraudulently converted the same to her own use.
The bill prays for an accounting by his wife and for a discovery by both his wife and the bank as to what disposition *Page 303 
was made of the proceeds of the check. Annexed to the bill are interrogatories directed to the Fidelity Union Trust Company requiring it to answer substantially what account or accounts have been opened by Annie Seery with the bank, the times, amounts and dates of each, what name or names these accounts were taken in, withdrawals from same and parties to whom paid; also whether she has an account with the bank at the present time in her own name or otherwise, and what her address is according to the records of the bank.
The Fidelity Union Trust Company filed an answer averring lack of knowledge or information as to the statements in the bill, excepting that it did admit that Annie Seery, on or about April 5th, 1928, opened an account with it. Further answering the bill, this defendant stated that her account was closed on April 7th, 1928. This defendant did not answer the interrogatories annexed thereto, believing it was under no duty so to do, and the complainant has applied for an order compelling it to answer the same.
It therefore appears that the Fidelity Union Trust Company has no interest in the proceeding. It is made a party solely for the purpose of discovery.
In 1 Pom. Eq. Jur. (3d ed.) ¶ 199, it is stated:
"The general rule is well settled, and admits of only one or two special exceptions, which are necessary to prevent a failure of justice, that no person can properly be made a defendant in the suit for a discovery, or compelled as such to disclose facts within his knowledge, unless he has an interest in the subject-matter of the controversy in aid of which the discovery is asked. Thus, as an illustration of this rule, arbitrators cannot, in general, be joined as defendants to a bill of discovery and compelled to disclose the grounds of their award, but if they are charged with actual misconduct, fraud, or corruption, they are obliged to answer with respect to such allegations. As another illustration of the rule, mere witnesses cannot be joined as defendants and obliged to answer; nor can a mere agent be made a party for purpose of obtaining a discovery from him."
And again, in 18 C.J. 1063, it is said:
"It is a general rule that a bill of discovery cannot be sustained against a person who is not a party to the record at law, or who has no interest in the subject-matter of the action in aid of which discovery is sought. A mere witness, or an agent, is not ordinarily a proper party to a bill for discovery." *Page 304 
It seems to me that to make a party defendant only for the purpose of compelling him to answer interrogatories is going too far. If this were so, all persons whom complainant might think had knowledge of the case could be made parties defendant and be compelled to answer interrogatories before trial. If complainant thinks that the Fidelity Union Trust Company has any records or other evidence which would assist him at the final hearing, the proper procedure, as I see it, would be to issue the appropriate subpoenas. The court can then decide whether or not the evidence is admissible and whether it should be allowed.
I will deny the motion to compel Fidelity Union Trust Company to file answers to the interrogatories. *Page 305